FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG 22  AM 10: 32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| MAE H. BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-2311 M1/P |
| JOANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**ORDER GRANTING RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)**
**ORDER DENYING MOTION TO REMAND**

On July 29, 2005, Plaintiff Mae H. Brooks filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Remand of the Cause to the Defendant. Plaintiff's motion indicated that Defendant did not object to the relief sought. On August 1, 2005, the Court granted Plaintiff's motion and entered a Judgment remanding this case to an Administrative Law Judge for additional findings.

On August 5, 2005, Defendant filed an Opposition to Plaintiff's Motion to Remand, indicating that it did, in fact, object to the relief sought by Plaintiff. The Court construes Defendant's objection as a motion for relief from judgment

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-22-05

16

pursuant to Federal Rule of Civil Procedure 60(b).[1]  Pursuant to Rule 60(b)(1), the Court hereby WITHDRAWS its August 1, 2005, Order of Remand and its August 1, 2005, Judgment.

With respect to the merits of Plaintiff's motion to remand, Plaintiff states that she became gravely ill and required in-patient hospital care from March 3, 2005, through May 3, 2005, for a variety of serious medical problems.  Plaintiff contends that these conditions were the same conditions alleged by her to be the causes of her disability, which provides good cause to remand her case to an Administrative Law Judge for additional findings of fact and reconsideration.

Having reviewed the record and the parties' submissions, the Court finds that no good cause exists to remand Plaintiff's case for additional findings of fact and reconsideration.  In order to warrant remand due to new evidence under 42 U.S.C. § 405(g), Plaintiff must show that the proffered evidence is new, material, and that there is good cause for not presenting it in the prior proceeding.  Cline v. Comm'r of Social Sec., 96 F.3d 146, 148 (6th Cir. 1996).  The Commissioner's final decision in this case was issued on November 18, 2004.  Plaintiff alleges that she

---

[1] Rule 60(b) provides, in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect ....
Fed. R. Civ. P. 60(b).

experienced a deterioration in her condition from March through May of 2005. Evidence of a subsequent deterioration or change in condition after the administrative hearing, however, is deemed immaterial to a decision to remand. <u>Wyatt v. Sec. of Health and Human Servs.</u>, 974 F.2d 680, 685 (6th Cir. 1992). Accordingly, Plaintiff's motion to remand is DENIED.

The parties shall hereinafter comply with the following schedule in this case:

Plaintiff shall file a brief in support of her asserted claim within 20 days from the date of entry of this order.

Defendant's brief shall be filed within 30 days from the filing of Plaintiff's brief.

A reply brief may be filed within 10 days of the filing of Defendant's response brief.

No further briefs shall be filed absent leave of court.

So ORDERED this __19__ day of August, 2005.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 16 in case 2:05-CV-02311 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

Andrew E. Bender
LAW OFFICES OF ANDREW E. BENDER
382 Washington Ave.
Memphis, TN 38105

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT